## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ERIC DRESSNER,**                                        **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                                               **No.  13-81**

**ROBERT J. CROWE, ET AL.,**                            **SECTION "E"**
    **Defendants**


### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendants, Randy Seal, in his capacity as Sheriff of Washington Parish ("Sheriff Seal"), Deputy Tim Evans ("Evans"), and Robert Crowe ("Crowe"), in his capacity as former Sheriff of Washington Parish.[1] Defendants seek summary judgment dismissing all claims made against them by Plaintiff, Eric Dressner ("Dressner"), in his original complaint.[2] Dressner opposes the motion[3], and Defendants filed a reply.[4]  For the following reasons, Defendants' motion is **DENIED.**

### FACTS

Dressner's claims are primarily based on 42 U.S.C. §1983 for alleged civil rights violations committed by Defendants and other state law claims arising from the same factual scenario. Dressner claims he was wrongly arrested after a confrontation between

---

[1]R. Doc. 12.

[2]R. Doc. 1.

[3]R. Doc. 16.

[4]R. Doc. 19

him and his neighbor Woodrow Magee. On July 24, 2012, Dressner called the Washington Parish Sheriff's Office to complain about Magee. Deputy Evans arrived at the scene and spoke with Magee. Shortly thereafter, Magee and Dressner got into a verbal altercation. Magee drew a knife and Dressner drew a gun. Dressner was subsequently arrested for aggravated assault with a firearm under Louisiana Revised Statute § 14:37.4.

Defendants' motion asserts that there is no genuine issue of material fact concerning their entitlement to qualified immunity, and therefore Dressner's claims should be dismissed. To be entitled to qualified immunity for a wrongful arrest claim, Defendants must show that "a reasonable person in [Evan's] position could have believed he had probable cause to arrest." *Goodson v. Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). In their motion, Defendants pointed to Evans' deposition and affidavit in which he states that he witnessed Dressner and Magee drawing their weapons simultaneously.[5] However, the affidavit of Dressner,[6] the deposition testimony of Dressner,[7] and the affidavit of Janet Branch[8] all provide evidence that Dressner pulled his gun on Woody Magee only *after* Magee brandished his knife.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 56 provides that summary judgment is proper if the record indicates no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56 ; *see also Celotex Corp. v.*

---

[5]R. Doc. 12-8, "Exhibit F" p. 40; R. Doc. 12-6 "Exhibit D" ¶ 11.

[6]R. Doc. 16-3. "Exhibit A"¶ 5-9.

[7]R. Doc. 16-4, "Exhibit B" pp. 59, 61.

[8]R. Doc. 16-5, "Exhibit C" ¶'s 8-10.

*Catrett*, 477 U.S. 317, 322-23 (1986). Defendants, as the moving party, bear the burden of proving their entitlement to qualified immunity at trial. Thus, they "must come forward with evidence which would entitle [them] to a directed verdict if the evidence went uncontroverted at trial." *Intl'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). If Defendants fail to carry this burden, their motion must be denied. However, if they successfully carries this burden, then the burden shifts to the non-moving, the Defendants, party to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-23.

## LAW AND ANALYSIS

In order for Defendants to be protected under qualified immunity, the Court must first determine whether the plaintiff has alleged a violation of a clearly established constitutional right. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In an action under § 1983 for a wrongful arrest, "a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). Probable cause exists when "the totality of the facts and circumstances within a police officer's knowledge at the moment of the arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Spiller v. Texas City*, 130 F.3d 162, 165 (5th Cir. 1997). Dressner was arrested for aggravated assault with a firearm under Louisiana Revised Statutes § 14:37.4. The Revised Statutes define an assault as "an attempt to commit a battery, or the intentional placing of another in a reasonable apprehension of receiving a battery." La. R.S. § 14:36. Therefore, probable cause for Dressner's arrest existed if Evans believed that Dressner either attempted to commit a battery with a firearm or intentionally placed Magee in reasonable apprehension of

receiving a battery with a firearm.

It is undisputed that Dressner brandished his weapon and pointed it toward Magee. However, the factual dispute over whether Dressner and Magee drew their weapons simultaneously is material to the issue of whether Dressner may have been acting in self defense, and possibly eliminating Evans' probable cause for the arrest. Under Louisiana law, self defense is an affirmative defense that defeats culpability, even if the state has proved every element of the crime beyond a reasonable doubt. *State v. Garcia*, 483 So. 2d 953, 957 (Lemmon, J., concurring). However, Defendants urge that the defense of self defense is immaterial to the probable cause determination.[9]

The Fifth Circuit has explicitly declined to decide the issue of whether there are circumstances in which evidence supporting an affirmative defense is relevant to the probable cause inquiry. *See United States v. Craig*, 381 Fed. App'x 459, 461 (5th Cir. 2010) (unpublished) ("The parties disagree as to whether an arresting officer making a probable cause determination must consider facts establishing an affirmative defense. We need not resolve this dispute."); *Piazza v. Mayne*, 217 F.3d 239, 246-47 (5th Cir. 2000) (declining to decide whether "facts supporting the existence of an affirmative defense are relevant to the determination of probable cause," and "declin[ing] to adopt the district court's broad holding on that issue").[10] However, other circuits consider evidence of an affirmative defense as relevant to the probable cause inquiry in some circumstances. *See Hodgkins ex*

---

[9]R. Doc. 12-2, p. 17.

[10]In *Piazza*, the District Court's "broad holding" was that "affirmative defenses do not bear on the probable cause analysis." *Piazza v. Mayne*, 23 F. Supp. 2d 658, 662 (E.D. La. 1998). However, in that case, the facts giving rise to the plaintiff's affirmative defense were not clearly evident at the time the citation was issued. The Court's holding in *Piazza* emphasized that "an officer is not required to investigate claims of innocence when probable cause is firmly established. *Piazza v. Mayne*, 23 F. Supp. 2d at 662; *Brown v. Byer*, 870 F.2d 975, 978 (5th Cir. 1989).

*rel Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004); *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003). A police officer may not ignore conclusively established evidence of an affirmative defense in determining the existence of probable cause. *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999).

Absent controlling Fifth Circuit precedent, this Court must decide whether the existence of an apparent affirmative defense may negate an officer's probable cause. The Court finds persuasive the decisions of those Circuits holding that evidence of an affirmative defense may be relevant to the probable cause inquiry. While it is true that the police do not have to investigate every possible defense a suspect may have, the officer may not ignore conclusively established evidence of the existence of an affirmative defense."If the arresting officer knows of facts that conclusively establish that an affirmative defense applies, it cannot accurately be said that the officer has probable cause that the suspect committed the offense." *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 836 (S.D. Tex. 2011). The probable cause inquiry requires a court takes into consideration the totality of circumstances within a police officer's knowledge at the time of the arrest. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000); *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996).  A "corollary" of the totality of the circumstances is that officers "may not disregard facts tending to dissipate probable cause." *Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988). Clear and apparent facts demonstrating an affirmative defense cannot be ignored by officers making a probable cause determination.

The factual dispute over whether or not Dressner and Magee drew their weapons simultaneously must be decided by the jury before a determination may be made of whether there was probable cause for the arrest. As a result, the Court cannot decide the issue of

qualified immunity on a motion for summary judgment. Accordingly, defendant's motion is **DENIED.**

New Orleans, Louisiana, this  16th  day of September, 2013.

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**